## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | | |
|---|---|---|---|
| **DERRICK YARBROUGH,** | § | | |
| | § | | |
| **Plaintiff,** | § | **CASE NO.** 6:15 cv 54 |
| | § | | |
| **v.** | § | **JURY** | |
| | § | | |
| **SUNRISE CREDIT SERVICES, INC.,** | § | **JUDGE** _____ |
| | § | | |
| **Defendant.** | § | | |

### ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Derrick Yarbrough (hereinafter "Plaintiff") files this Original Complaint. Plaintiff institutes the action in accordance with and to remedy violations by Defendant Sunrise Credit Services, Inc. (hereinafter "Defendant") of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692, *et seq.* (hereinafter "FDCPA"), and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001, *et seq.* (hereinafter "TDCA"). Plaintiff brings this action to recover damages as a result of Defendant's unlawful collection practices.

### PARTIES

1.     Plaintiff Derrick Yarbrough is a natural person who resides in Henry County, Alabama and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.     Defendant Sunrise Credit Services, Inc. is a New York, for-profit corporation that is not registered with the Texas Secretary of State. Its principal place of business is in Farmingdale, New York. This Defendant may be served by and through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3.     All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## JURISDICTION AND VENUE

4.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and for violations of the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* (hereinafter "TDCA").   Subject matter jurisdiction exists under 28 U.S.C. § 1331.

5.      Pursuant to 28 U.S.C.A. § 1367, Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6.      Venue in this District is appropriate under 28 U.S.C.A. §§ 1391(b), because the events took place in this Judicial District, and the Defendant is subject to personal jurisdiction in this Judicial District.   Defendant is actively doing business in the state of Texas and is subject to personal jurisdiction throughout the state of Texas; Defendant transacts business in the state of Texas and in this Judicial District by and through the collection of consumer debts in the state of Texas and this Judicial District; and a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in the state of Texas and in this Judicial District.

## FACTS RELATED TO PLAINTIFF

7.      From 2013 to 2014, Plaintiff maintained an account with AT&T U-Verse (hereinafter "the Account").   Plaintiff terminated the Account in approximately May of 2014, and at the time he terminated the Account, he had a zero balance due.   However, Plaintiff failed to immediately return his AT&T U-Verse equipment, so he was charged a "non-return fee" (hereinafter "the Fee") of approximately $608.

8.      Plaintiff subsequently paid the Fee in full on his credit card on June 10, 2014.   Shortly thereafter, Plaintiff returned all of the equipment resulting in the Fee being adjusted off entirely and leaving him with an approximately $608 **credit balance**.   Plaintiff then issued a

stop-payment on his credit card resulting in a **zero balance** on the Account.

9.     In spite of the fact that Plaintiff maintained a zero balance on the Account (and the fact that AT&T's own records reflected that Plaintiff had an approximately $608 credit balance), the Account was referred to Defendant, a third party debt collector.   On July 24, 2014, Defendant sent a collection letter to Plaintiff at his PO Box in Victoria, Texas advising Plaintiff that he owed $608.53 in charges relating to the Account (hereinafter "the Collection Letter"). [1]   Upon information and belief, the Collection Letter was the very first communication by Defendant Sunrise Credit Services, Inc. with the Plaintiff.

10.     Upon receiving said Collection Letter, Plaintiff responded to Defendant with a Dispute and Validation Request on August 7, 2014.   Defendant responded to that Dispute and Validation Request on August 18, 2014 (hereinafter "the Validation Response"). [2]   Attached to the Validation Response were AT&T U-Verse Invoices spanning from December of 2013 through June of 2014. [3]  A review of the June, 2014 AT&T U-Verse Invoice clearly reflects that the Account had a $607.14 **credit balance**. [4]

11.     In spite of the fact that the validation documents provided by Defendant Sunrise Credit Services indisputably reflected that the Account had a $607.14 **credit balance**, Defendant Sunrise Credit Services, Inc. continued to insist in the Validation Response that Plaintiff owed $608.53. [5]

12.     Adding insult to injury, Defendant eventually returned the Account to the original creditor, never bothering to let the original creditor know that the Account had a **credit balance** resulting in

---

[1] The Collection Letter is attached hereto as Exhibit 1.

[2] The Validation Response is attached hereto as Exhibit 2.

[3] *Id.*

[4] *Id.* at p. 16.
[5] *Id.* at p. 1.

the Account being referred out to a subsequent third party debt collector who reported the balance allegedly owed to the credit reporting services resulting in a downgrade of the Plaintiff's credit score.

COUNT ONE

***Violations of the Fair Debt Collection Practices Act***

13.     Plaintiff incorporates by reference the preceding paragraphs of this Original Complaint as if fully set forth herein.

14.     The acts of Defendant constitute violations of the FDCPA.   *See* 15 U.S.C. § 1692 *et seq.*

15.     Defendant is a debt collector as defined by the FDCPA.   *See* 15 U.S.C. § 1692a(6).

16.     Plaintiff is a consumer as defined by the FDCPA.   *See* 15 U.S.C. § 1692a(3).

17.     The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

18.     The FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of a debt specifically including making any false representations of the amount of any debt.   *See* 15 U.S.C. 1692e(2)(A).   In spite of having the very documents that reflected that the Plaintiff owed no money to the original creditor, and in spite of being advised that the Plaintiff disputed the debt allegedly owed, Defendant falsely represented in Validation Response letter that the Plaintiff owed $608.53. [6]   This false representation constituted a violation of the FDCPA.   *See* 15 U.S.C. 1692e(2)(A).

19.     The FDCPA mandates that a debt collector shall disclose, in the initial written communication with the consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.   *See* U.S.C. 1692e(11).   Upon

---

[6] *Id.*

information and belief, Defendant's Collection Letter dated July 24, 2014 was the initial written communication with Plaintiff.[7]   A review of the Collection Letter demonstrates that it fails to comply with the mandates of the FDCPA, as it fails to state that the Defendant is a debt collector, that the Defendant is attempting to collect a debt, and that any information obtained by the Defendant will be used for the purpose of collecting the debt.[8]   *See* 15 U.S.C. 1692e(11).

20.     The FDCPA mandates that, within five days of the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer written notice explaining the dispute and validation process.   *See* 15 USC 1692g(a).   Upon information and belief, the Collection Letter was the first communication between Defendant and Plaintiff.[9] A review of the Collection Letter demonstrates that it fails to contain any dispute and/or validation instructions as required by the FDCPA.[10]   *Id.*   Further, upon information and belief, Defendant did not send any follow up communication to Plaintiff within five days of the initial communication containing any dispute and/or validation instructions as required by the FDCPA.

21.     Defendant's described actions in violation of the FDCPA have directly and proximately caused Plaintiff injury for which he now sues.

22.     As a result of Defendant's FDCPA violations, Plaintiff is entitled to an award of actual damages and additional statutory damages.

23.     Plaintiff is also entitled to an award of attorneys' fees and costs.

## COUNT TWO

### *Violations of the Texas Debt Collection Act*

---

[7] Exhibit 1.

[8] *Id.*

[9] *Id.*

[10] *Id.*

24.     Plaintiff incorporates by reference the foregoing paragraphs of this Original Complaint as if fully set forth herein.

25.     The acts of Defendant constitute violations of the TDCA.   *See* TEX. FIN. CODE § 392.001 *et seq.*

26.     Defendant is a debt collector and a third party debt collector as defined by the TDCA.   *See* TEX. FIN. CODE §§ 392.001(6) & (7).

27.     Plaintiff is a consumer as defined by the TDCA.   *See* TEX. FIN. CODE § 392.001(1).

28.     The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

29.     In regards to a third party debt collector like Defendant, the TDCA mandates that the debt collector disclose in the initial written communication that the communication is an attempt to collect a debt and that any information will be used for that purpose.   *See* TEX. FIN. CODE § 392.304(5)(A).   The TDCA further mandates that in each subsequent written communication, a third party debt collector like Defendant, disclose that the communication is from a debt collector. *See* TEX. FIN. CODE § 392.304(5)(B).

30.     Upon information and belief, Defendant's Collection Letter was the initial written communication with the Plaintiff.[11]   A review of that Collection Letter reflects that the Collection Letter fails to state that the communication is an attempt to collect a debt and that any information will be used for that purpose.[12]   *See* TEX. FIN. CODE § 392.304(5)(A).   Further, if the Collection Letter was not the initial communication and was, instead, a subsequent communication, the

---

[11]  Exhibit 1.

[12]  *Id.*

communication fails to state that it is from a debt collector. [13]   *See* TEX. FIN. CODE §
392.304(5)(B).

31.      The TDCA prohibits a debt collector from using fraudulent, deceptive, or misleading
representations including misrepresenting the amount of a consumer debt.   *See* TEX. FIN. CODE §
392.304(8).   Defendant sent Plaintiff its Collection Letter which misrepresented the amount that
the Plaintiff allegedly owed.[14]   Defendant's Collection Letter misrepresented that the Plaintiff
owed $608.53 when, in fact, the Plaintiff's account balance was zero.   After Plaintiff disputed the
amount he allegedly owed and requested that Defendant validate the debt, the Defendant
continued to misrepresent that the Plaintiff owed $608.53 in spite of the fact that the Defendant's
own validation documents reflected that the Plaintiff had a credit balance.[15]

32.      Defendant's described actions in violation of the TDCA have directly and proximately
caused Plaintiff injury for which he now sues.

33.      As a result of Defendant's violations of the TDCA, Plaintiff is entitled to an award of
actual damages.

34.      Plaintiff is also entitled to an award of attorneys' fees and costs.

<u>VICARIOUS LIABILITY</u>

35.      At all times relevant hereto, the individual debt collectors who contacted and/or attempted
to contact Plaintiff, were employed by Defendant and were working in the course and scope of
their employment with Defendant. Defendant had the right to control their activities. Therefore,
Defendant is liable for their actions, inactions, and conduct which violated the FDCPA and TDCA
and proximately caused damages to Plaintiff.

---

[13] *Id.*

[14] *Id.*

[15] Exhibit 2.

## <u>J<small>URY</small> R<small>EQUEST</small></u>

36.     Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor against Defendant as follows:

    a.      Finding that Defendant's actions violated the FDCPA;

    b.      Finding that Defendant's actions violated the TDCA;

    c.      Awarding Plaintiff actual damages;

    d.      Awarding Plaintiff statutory damages;

    e.      Awarding Plaintiff reasonable attorneys' fees, expenses and costs; and

    f.      Granting such other relief that equity and the law deems appropriate.

Dated: July 22, 2015

Respectfully submitted,

*/s/ Walt D. Roper*
**LAW OFFICES OF WALT D. ROPER, P.C.**
Walt D. Roper
State Bar No. 00786208
3100 Monticello Avenue
Suite 500
Dallas, Texas 75205
972.755.2525
214.378.6670 - Facsimile
walt@roperfirm.com

**ATTORNEYS FOR PLAINTIFF**